```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


                                 :    CIVIL ACTION
IN RE: AMY CHRISTINE DONAGHY     :    No. 19-1720
                                 :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                May 28, 2020

Presently before the Court is the appeal filed by Amy Donaghy from the bankruptcy court's April 4, 2019 order granting the motion for relief from the automatic stay filed by HSBC Bank USA. For the reasons stated, the Court will affirm the bankruptcy court's decision and dismiss the appeal.

**I.   Relevant Facts and Procedural History**

Donaghy filed a Chapter 13 bankruptcy petition on August 17, 2018. HSBC holds a prepetition judgment in mortgage foreclosure against Donaghy and one of the bankruptcy assets (the "Property"). The judgment was entered by consent on June 30, 2015 in the Delaware County Court of Common Pleas (the "Consent Judgment").[1]

---

[1] Originally, in 2012, HSBC brought a foreclosure action in the Court of Common Pleas. The court ultimately granted summary judgment in favor of HSBC and Donaghy appealed. The Superior Court reversed and remanded the case, but the parties entered into the Consent Decree before the Court of Common Pleas could make additional rulings.

1

On December 18, 2018, HSBC filed a motion for relief from the automatic bankruptcy stay after Donaghy failed to pay post-petition payments on the Property. In her response to the motion, Donaghy argued that HSBC lacked standing to maintain the motion for relief.

The bankruptcy court granted relief from the stay on April 4, 2019 after concluding that the existence of the Consent Judgment conclusively proved HSBC's standing to file the motion for relief and that Donaghy's standing argument was barred by res judicata. Donaghy argued, as she does on appeal, that: (1) a consent judgment, entered privately without court participation, is essentially a contract and does not bind the court in later litigation between the parties; and (2) in any event, HSBC lacks standing to maintain a motion for relief because it is not the holder of a valid note on the Property.

The bankruptcy court disagreed with Donaghy and concluded that by "[h]aving [ ] consented to the entry of the foreclosure judgment in state court, the Debtor conceded that HSBC has the right to foreclose on the subject mortgage. She cannot relitigate the issue in this court." ECF No. 3-1 at 87.

## II. LEGAL STANDARDS

This Court has jurisdiction over the appeal pursuant to 28 U.S.C. §§ 158 and 1334 and reviews a bankruptcy court's

2

decision to grant a motion for relief from the stay for abuse of discretion. In re Myers, 491 F.3d 120, 128 (3d Cir. 2007) ("Whether to annul the automatic stay is a decision committed to the bankruptcy court's discretion, and may be reversed only for abuse of that discretion.").

An abuse of discretion occurs when the bankruptcy court's decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000) (quoting Hanover Potato Products, Inc. v. Shalala, 989 F.2d 123, 127 (3d Cir. 1993)).

## III. DISCUSSION

The issues on appeal are whether the bankruptcy court erred in: (1) concluding that the Consent Judgment had res judicata effect and (2) refusing to entertain the merits of Donaghy's standing argument by investigating whether the judgment was procured by fraud and whether HSBC was the legitimate holder of the note.

### A.   **The Res Judicata Effect of the Consent Judgment**

The bankruptcy court did not abuse its discretion in determining that res judicata bars Donaghy from challenging HSBC's standing to move for release from the automatic stay. The doctrine of res judicata, or claim preclusion, provides that "a

3

final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the parties or their privies, on the same cause of action." Allegheny Int'l, Inc. v. Allegheny Ludlum Steel Corp., 40 F.3d 1416, 1429 (3d Cir. 1994) (quoting Keystone Bldg. Corp. v. Lincoln Sav. and Loan Ass'n, 360 A.2d 191, 194 (Pa. 1976)).

> Application of the doctrine of res judicata requires the concurrence of four elements. They are: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; [and] (4) identity of the quality in the persons for or against whom the claim is made.

Id. (quoting City of Pittsburgh v. Zoning Bd. of Adjustment, 559 A.2d 896, 901 (Pa. 1989)).

Donaghy does not directly argue that the four elements are lacking but instead argues that the Consent Judgment is not a final valid judgment on the merits. To support her argument, she attempts to interject aspects of collateral estoppel, or issue preclusion, that are not germane to this case.

It is well established that Pennsylvania "case law does accord res judicata effect to consent judgments: 'Where the four identities are present, a judgment entered by consent or agreement will bind the parties with the same force and effect as if it had been entered after a full hearing on the merits.'" Matternas v. Stehman, 642 A.2d 1120, 1123 (Pa. Super. 1994)

4

(quoting A.C. Elfman & Sons, Inc. v. Clime, 513 A.2d 488, 489 (Pa. Super. 1986)); see also Arizona v. California, 530 U.S. 392, 414 (2000) ("[C]onsent judgments ordinarily support claim preclusion but not issue preclusion." (quoting 18 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4443, pp. 384-385 (1981))), supplemented, 531 U.S. 1 (2000); Allegheny Int'l, Inc., 40 F.3d at 1429 ("[A] judgment or decree, though entered by consent or agreement of the parties, is res judicata to the same extent as if entered after contest." (quoting Keystone Bldg. Corp., 360 A.2d at 194 n.6)).

Since the Consent Judgment is a final judgment that has the same "effect as if it had been entered after a full hearing on the merits," Matternas, 642 A.2d at 1123, HSBC has a facially valid protected interest in the property. Thus, the bankruptcy court did not abuse its discretion in concluding the Consent Judgment had res judicata effect and that HSBC had standing to maintain the motion for relief from the automatic stay.

   B.   **The Bankruptcy Court's Duty to Inquire into Whether HSBC's Standing Was Based on Fraud**

Donaghy also argues that even if the Consent Judgment is capable of res judicata effect, the bankruptcy court abused

5

its discretion by declining to independently evaluate HSBC's standing. Donaghy claims that after she entered into the Consent Judgment, she discovered that HSBC was not the holder of a valid note on the Property and had fraudulently withheld that information from her at the time of the signing, making the Consent Judgment invalid and also leaving HSBC without standing to challenge the automatic stay. She claims that while the court of common pleas did consider a standing argument that she raised, it did not have the opportunity to evaluate her current argument and the underlying facts since the alleged fraud was not disclosed until years after the parties entered into the Consent Judgment.

Regarding her state court standing argument, the bankruptcy court held that Donaghy:

> could have defended against HSBC's right to foreclose based on the same theory she now presents to this court, i.e., that HSBC lacks possession of the note and may not foreclose on the Property. See JP Morgan Chase Bank, N.A. v. Murray, 63 A.3d 1258, 1268 (Pa. Super. Ct. 2013). But, instead, she consented to the entry of judgment in HSBC's favor. As stated earlier, the entry of the judgment in the pre-petition foreclosure conclusively determined that HSBC was entitled to foreclose on the Property.

ECF No. 3-1 at 86.

Moreover, in declining to delve into the merits of Donaghy's standing argument before the bankruptcy court, the

6

bankruptcy court concluded that "to have standing, HSBC need establish only that it has the right to enforce the mortgage under Pennsylvania law" and that Donaghy's "defense fails because there can be no better proof of a party's right to enforce a mortgage on Pennsylvania real property than the existence of a Pennsylvania state court judgment in its favor in an action in mortgage foreclosure." Id. at 84-85.

Thus, the concepts underpinning each of Donaghy's standing arguments overlap but ultimately turn on whether she may challenge the validity of the state court Consent Judgment in opposing HSBC's motion for relief from stay in her bankruptcy court proceeding.

Regarding standing in state court and the issue of the res judicata effect of the Consent Judgment, the bankruptcy court's conclusion that Donaghy could have but did not raise her standing arguments before the court of common pleas was not an abuse of discretion. Donaghy did actually challenge HSBC's standing and whether it was the real party in interest before the court of common pleas. However, these arguments were rejected. ECF No. 9 at 28-29.

Donaghy further claims that her current standing argument is different because it is based on facts unknown to her at the time of the judgment. However, the court of common

7

pleas specifically gave the parties additional time for discovery and to supplement the record in order to investigate the factual underpinnings of her defenses, which included standing and real party in interest. Donaghy did not file any additional materials for the court to consider. "[R]es judicata bars consideration in a second suit of defenses which a party might have, but did not raise. . . ." Riverside Mem'l Mausoleum, Inc. v. UMET Tr., 581 F.2d 62, 67 (3d Cir. 1978)). To the extent Donaghy could have raised this defense before in the court of common pleas, the defense is foreclosed.

Regarding HSBC's standing in bankruptcy court, HSBC seeks relief from the automatic stay so that it can pursue foreclosure in state court. As found by the bankruptcy court, the Consent Judgment, as a matter of law, confers standing to seek relief from the stay. See ECF No. 3-1 at 88 ("As a matter of law, HSBC's status as the judgment holder is sufficient to confer standing under 11 U.S.C. § 362(d) to seek relief from the automatic stay to enforce its judgment in mortgage foreclosure."). Donaghy's challenge to the merits of the Consent Judgment (as opposed to whether HSBC has standing to seek relief from stay), must be directed at the state court if and when HSBC seeks to enforce the judgment.

Therefore, the court did not abuse its discretion in declining to inquire into whether the Consent Judgment was based on fraud.

## IV. Conclusion

For these reasons, the Court concludes that the bankruptcy court did not abuse its discretion in granting HSBC relief from the automatic stay. Therefore, the bankruptcy court's April 4, 2019 order is affirmed and the appeal will be dismissed.